UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| EDGAR GOODWIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:05-cv-141 |
| | ) | *Collier* |
| HAMILTON COUNTY, ERLANGER MEDICAL CENTER, CITY OF CHATTANOOGA, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM

Edgar Goodwin ("Goodwin") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 [Court File No. 3]. Goodwin brings suit against Hamilton County, Erlanger Hospital, and the City of Chattanooga. Goodwin asserts he was transported to Erlanger Hospital for treatment of injuries which he sustained as a result of excessive force used against him by Chattanooga police officers. Goodwin claims his injuries were not treated properly or promptly by medical personnel.

For the reasons discussed below, Goodwin's complaint [Court File No. 3] will be **DISMISSED.**

### I. *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Goodwin that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Goodwin is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Goodwin is an inmate or prisoner in custody at the Hamilton County Jail, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Goodwin shall pay the full filing fee of two-hundred and fifty

dollars ($250.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Goodwin's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997). However, Goodwin is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Goodwin's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Goodwin's trust account is instructed that when Goodwin's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth*, 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Sheriff of Hamilton County, the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Goodwin shall collect the filing fee as funds become available. This order shall become a part of inmate Goodwin's file and follow the inmate if he is transferred to another institution. The agency having custody of Goodwin shall continue to collect monthly

payments from his prisoner account until the entire filing fee of $250.00 is paid.[1]

Goodwin will be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Goodwin to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against Goodwin without any additional notice or hearing by the Court.

## II.    *Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt Goodwin from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED.

---

[1] **Send remittances to the following address:**

      Clerk, U.S. District Court
      P.O. Box 591
      Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard,* 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

> A. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*
>
> When screening a prisoner complaint, a district court must examine both § 1915A and § 1915(e)(2). If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases,

4

> the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d [528] 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

### III.   *Facts*

This is the third complaint Goodwin has filed regarding the incident where he claims Chattanooga police officers used excessive force against him. *See Goodwin v. Hamilton County et. al.,* Civil Action Number 1:05-cv-71, and *Goodwin v. Hamilton County Jail et. al.*, Civil Action Number 1:05-cv-124. Because Goodwin refers to his other complaints, the Court will refer to allegations in the other cases to put this claim in perspective.

The Court has reviewed the record in the light most favorable to Goodwin. During July 2004, when Goodwin was having a mental episode, Chattanooga police officers were flagged down for assistance. As a result of this encounter, Goodwin was injured (allegedly due to excessive force on the part of the Chattanooga police officers) and subsequently transported to Erlanger hospital for treatment of his injuries. Goodwin does not indicate what treatment he received but claims he was treated like a "non-human animal" and contends he did not receive proper treatment for his pain and suffering. According to Goodwin, when he asked for water it took "too long a period before given"

5

and the treatment he received from the medical staff for his burning eyes was slow and poor [Court File No. 3, at 4]. Goodwin received a shot which he alleges was not administered according to proper medical procedure because he was held down by a police officer. Goodwin claims he slept on a cold floor before he was released to Hamilton County Sheriff's Deputy Adams who transported him to Moccasin Bend.

*IV.*   *Analysis*

    *A.*   *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997). Although the *Federal Rules of Civil Procedure* do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Goodwin must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock,* 94 F.3d at 244.

Goodwin is suing for damages and requests $900,000 for pain, suffering, mental anguish,

emotional stress, and physical damage. However, Goodwin has not alleged any injury as a result of the treatment he received at Erlanger hospital. Goodwin does not claim he was injured as a result of the medical treatment he received from the personnel at Erlanger hospital. Rather, he is claiming the service was slow, poor, and unprofessional. Goodwin's complaint is based on the claim that he was not treated in a manner which he deemed adequate, prompt, and professional. "[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison County,* 22 F.3d 653, 659 (6th Cir.), *cert. denied,* 513 U.S. 873 (1994).

Accordingly, absent any injury, Goodwin has failed to state a claim. Thus, Goodwin is not entitled to any money damages because he did not sustain an injury. Goodwin's alleged inadequate treatment, without proof he sustained an injury at the hands of Erlanger's personnel, does not entitle him to damages. This claim will be **DISMISSED** *sua sponte* for failure to state a claim that is cognizable under 42 U.S.C. § 1983. However, assuming Goodwin was injured by the defendants' slow, poor, and unprofessional medical treatment, his claim would still fail for the reasons which follow.

1. *Medical Malpractice/Negligence Claim*

Goodwin is an inmate at the Hamilton County Jail who brings suit against Erlanger Medical Center ("Erlanger"), Hamilton County, and the City of Chattanooga. Goodwin complains the treatment he received at Erlanger was slow, poor, and unprofessional. Goodwin is complaining the defendants were negligent for failing to treat him promptly and professionally.[2] Aside from whether

---

[2] There is no allegation or proof Goodwin has suffered any injury from Erlanger medical personnel or that he has suffered any injury as a result of the medical treatment or lack of medical treatment he received at Erlanger Hospital.

7

Goodwin has alleged anyone acted under color of law and aside from whether he has alleged an injury, Goodwin has failed to state a claim because neither negligence nor medical malpractice serve as a basis for a claim under 42 U.S.C. § 1983. The claims he raise may, at best, be a violation of a physician's obligation to a patient but it is not a constitutional violation and is not actionable under 42 U.S.C. § 1983.

The United States Supreme Court has held claims based upon negligence or medical malpractice simply are not cognizable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-31 (1986); *McGhee v. Foltz,* 852 F.2d 876, 881 (6th Cir. 1988); *Hemphill v. Southern Ohio Correctional Facility,* 886 F.2d 330 (6th Cir. 1989) (unpublished table decision), *available in* 1989 WL 111616 at *1. This Court does not have subject matter jurisdiction because this is not a federal claim. Medical malpractice nor medical negligence states a cognizable 1983 claim. *See Durham v. Nu'Man,* 97 F.3d 862, 868 (6th Cir. 1996), *cert. denied,* 520 U.S. 1157 (1997); *Hale v. Kahn,* 914 F.2d 256 (6th Cir. 1990) (unpublished table decision), *available in* 1990 WL 135937 at *1. Therefore, Goodwin's medical malpractice and/or negligence claim lacks an arguable basis in law and will be dismissed as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

Accordingly, the Court finds Goodwin has failed to set forth any claims or facts that would entitle him to relief under 42 U.S.C. § 1983. Goodwin did not allege he was deprived of a right secured by the United States Constitution or laws of the United States, and, therefore, he has failed to state a claim under 42 U.S.C. §1983. Goodwin's claim of negligence and/or medical malpractice will be **DISMISSED** *sua sponte* for failure to state a claim that is cognizable under 42 U.S.C. § 1983.

    2.    *<u>Deliberate Indifference Claim</u>*

Goodwin arguably claims the defendants were deliberately indifferent to his serious medical needs when they failed to promptly provide medical treatment, and, when they did provide treatment, they did so in an unprofessional manner. To properly establish a violation of 42 U.S.C. § 1983 for failure to provide adequate medical care, a prisoner must prove officials acted with deliberate indifference to a serious medical need. An isolated incident of inadvertence or negligence does not violate the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Assuming, without deciding, the named defendants are government actors for § 1983 purposes, Goodwin has failed to state a cause of action upon which relief can be granted.[3]

The complaint names two government entities and a hospital as defendants. Goodwin brings suit against public government entities, without identifying any individual defendants. The defendants are identified as Erlanger Hospital, Hamilton County, and the City of Chattanooga. Thus, absent any indication in the complaint that plaintiff is suing any individual defendant, the Court must assume Goodwin is suing the entities of Hamilton County and the City of Chattanooga. *Id.* at 772. However, the entities cannot be held vicariously liable pursuant to 42 U.S.C. § 1983 for constitutional violations committed by their employees and agents based on the doctrine of *respondeat superior*. There is no *respondeat superior* liability under § 1983 for governmental entities. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

---

[3] Chattanooga-Hamilton County Hospital Authority, d/b/a/ Erlanger Medical Center is a governmental entity formed pursuant to Chapter No. 297 of the Private Acts of 1976, falling within the purview of the Tennessee Governmental Tort Liability Act. TENN. CODE ANN. § 29-20-101 *et. seq.*; *see also, Coffey v. Chattanooga-Hamilton County Hospital Authority, d/b/a/ Baroness Erlanger Medical Center,* 932 F.Supp. 1023, 1025 (E.D. Tenn. 1996), *aff'd, Coffey v. Chattanooga-Hamilton County Hospital Authority, d/b/a/ Erlanger Medical Center,* 194 F.3d 1311 (6th Cir. 1999) (unpublished table decision), *available in* 1999 WL 824870 at *1; *Ketron v. Chattanooga-Hamilton County Hospital Authority, d/b/a/ Erlanger Medical Center,* 919 F.Supp. 280, 283 (E.D. Tenn. 1996).

9

Therefore, in order to prevail, Goodwin must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the government entities. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

A claim against Erlanger is treated as being an action against the government entities. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). In order to prevail in an action against the government entities, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity caused harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). A municipality or governmental entity is liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing a policy or custom of the governmental entity. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990). In order to establish liability for this alleged constitutional deprivation, Goodwin must satisfy a three-prong test: 1) he must identify the questioned policy or custom which allegedly caused the injury, 2) connect the policy to the municipality, and 3) show the specific injury was incurred because of the implementation of the policy, all of which Goodwin has failed to do. *Garner v. Memphis Police Department*, 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994).

Here, Goodwin's contentions do not meet the constitutional standard. Since Goodwin must show his injury was incurred because of an official policy or a custom which is so firmly entrenched as to have the force of law, s*ee Monell v New York City Department of Social Servs*., 436 U.S. at 691, and since Goodwin's claims fail to allege any injury in addition to failing to allege any official

policy or custom, he has not stated a viable claim against Erlanger, Hamilton County, or the City of Chattanooga.

Thus, in sum, assuming Erlanger was a state actor and its employees treated Goodwin unprofessionally and untimely, and assuming such treatment constituted deliberate indifference to a serious medical need, neither Erlanger Hospital, Hamilton County, nor the City of Chattanooga would incur any § 1983 liability for those acts absent proof of an injury and a custom or policy to treat detainees in such a manner. Plaintiff did not allege the violation of his rights was the result of any policy or custom on the part of the county or city. Although this Court is mindful a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and, therefore, the Court finds his claims are frivolous under 28 U.S.C. §§ 1915A and 1915(e). It appears beyond doubt plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, the defendants are entitled to judgment as a matter of law.

Accordingly, the Court finds Goodwin has failed to set forth any claims or facts that would entitle him to relief under 42 U.S.C. § 1983. Thus, Goodwin's complaint will be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e).

An order will enter **DISMISSING** the plaintiff's complaint in its entirety.

                          **/s/**
                **CURTIS L. COLLIER**

**UNITED STATES DISTRICT JUDGE**